## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

|  |  |  |
|---|---|---|
| KEITH McKEVER, | : | |
| Plaintiff | : | |
| vs. | : | |
| Nurse DAVIS and Warden D. FRASIER, | : | NO. 5:08-CV-314 (CAR) |
| Defendants | : | **O R D E R** |

Plaintiff **KEITH McKEVER**, presently an inmate at Colquitt County Correctional Institution in Moultrie, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He has paid the required initial partial filing fee of $12.33, as previously ordered by this Court.

## I.  STANDARD OF REVIEW

### A.  28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds:  (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without

regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon* **v.** *King & Spalding*, 467 U.S. 69, 73 (1984)).

### B.  General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States.  *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  *Id.*

## II.  BACKGROUND

Plaintiff's claim arises out of his previous incarceration at Hancock State Prison.  Plaintiff alleges that on July 6, 2008, he started feeling pain in his groin area.  Plaintiff's complaints were relayed by an officer in a phone call to Nurse Davis, who advised the officer to tell plaintiff that plaintiff should take aspirin, antibiotics, and see a physician's assistant in two weeks.  According to plaintiff, on July 11th, he underwent an operation in which one of his testicles was removed. Plaintiff states that his surgeon informed plaintiff that if the "medical staff had reacted in a reasonable manner and fast pace, he could have saved" plaintiff's testicle.  Plaintiff sues Warden D. Frasier and Nurse Davis for their "negligence."

## III.  DISCUSSION

Deliberate indifference to serious medical needs by prison personnel may constitute an Eighth Amendment violation, but only when it is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir.1991).  To prove he was denied medical treatment in violation of the Eighth

Amendment, plaintiff must show (1) an objectively serious medical need that, left unattended, poses

a substantial risk of serious harm, and (2) that the response made by public officials to that need was

poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental

inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state

law.  *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000); *Campbell v. Sikes*, 169 F.3d 1353,

1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth

Amendment liability).

The facts as set forth in plaintiff's complaint, although unfortunate, allege mere negligence.

Plaintiff immediately received medical care through Nurse Davis's phone call with the officer.

Moreover, plaintiff underwent surgery five days after he complained of pain in his groin.  It is clear

from plaintiff's complaint that he is alleging deficient medical judgment, rather than deliberate

indifference to a serious medical need.  This Court believes that the true nature of plaintiff's

complaint is found in his request for relief: "Due to this prison's warden's negligence and the

medical staff's Nurse Davis's negligence, and because of their said negligence, I had to lose one of

my testicles."  Plaintiff alleges medical misjudgment, rather than the deliberate denial of medical

care.  A complaint alleging only negligence in diagnosing or treating a prisoner's medical condition

does not state a valid claim of medical mistreatment in violation of the Eighth Amendment.

*McElligott v. Foley,* 182 F.3d 1248, 1254 (11th Cir.1999).[1]

## IV.  CONCLUSION

---

[1]  The Court notes that plaintiff neglected to provide any allegations whatsoever against Warden D. Frasier.  Even if plaintiff had alleged a valid constitutional claim against Nurse Davis, Warden Frasier would not be liable as his supervisor.  *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) ("supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability").

Based on the foregoing, the complaint against the defendants should be **DISMISSED** as being frivolous under 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 5th day of November, 2008.



S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

cr